UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA MARIE DEAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:24-cv-00074-MTS |
| | ) |
| LAURA HAWK STOBIE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

In this action, Plaintiffs have made a myriad of filings. They have filed a Complaint, an Amended Complaint, and a Second Amended Complaint, though not in compliance with Federal Rule of Civil Procedure 15(a). They also have filed lengthy documents they entitled as "Verified Claim[s]." For purposes of the Court's review, it will use the Second Amended Complaint. Doc. [16]; *cf.* Fed. R. Civ. P. 3.

The Second Amended Complaint purports to be brought jointly by Plaintiffs Alexandra Marie Dean, Brooke Marr, Justin Shire, Ryan Nicolas Brown, Ariel Alton, and Michelle Marryann Dickerson, each Plaintiff being listed as "An Enfranchised Living Soul." None of the Plaintiffs has signed the Second Amended Complaint with an original signature, and only Plaintiffs Dean, Marr, and Alton have filed motions to proceed without prepayment of fees and costs in this action. None of these motions to proceed without prepayment of fees and costs, however, has been signed with an original signature.

Under Federal Rule of Civil Procedure 11, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Further, Local Rule 2.11 recognizes a "person's name on a signature block" as a signature only if that person

1

made "[a]n authorized filing . . . through [that] person's electronic filing account."  Here, the parties provided "signatures" only through typed names in the signature blocks.  *See, e.g.*, Docs. [2], [4], [7], [9], [10], [15], & [17].  Yet, none of them filed using an electronic filing account.  *See id.*  As such, their typed names fail to satisfy the Federal Rules of Civil Procedure and the Local Rules.  *See Dean v. Stobie*, 4:24-cv-00184-SRC, ECF No. 5 (E.D. Mo. March 1, 2024).

Additionally, under Local Rule 2.01(B), the Court requires a filing fee before a party proceeds with an action—except when a party files a motion to proceed without prepayment of fees or costs.  Here, no party has paid a filing fee, and only Plaintiffs Dean, Marr, and Alton have filed motions to proceed without prepaying the fee.  These motions, like the other filings, do not include signatures as required by the Federal and Local Rules.

Because Plaintiffs Marr, Shire, Brown, Alton, and Dickerson have not signed the Complaint and have neither paid the filing fee nor filed appropriately signed motions to proceed without paying fees, and because Dean cannot assert their claims, *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) (explaining a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."), the Court drops them as Plaintiffs from this action.  *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").  If these Plaintiffs wish to maintain a civil action, they shall file their own signed complaint in a new matter and either pay the filing fee or file a signed application to proceed without prepayment of fees and costs.

Because Dean has failed to sign the Second Amended Complaint and the Motion to Proceed Without Prepayment of Fees and Costs, the Court orders her to submit a third amended

complaint and a new motion to proceed without prepayment in this action. Although customarily, pursuant to Federal Rule 11, the Court would return the unsigned documents to Dean for her to sign and return, the Court requires a new pleading because the Second Amended Complaint contains claims from other plaintiffs and fails to set forth Dean's claims in a concise manner. *See* Fed. R. Civ. P. 8(d)(1).

The Court will require Dean to file a third amended complaint on the Court's Civil Complaint form in accordance with the instructions set forth in this Memorandum and Order. She must include all claims in the action in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a). The Court cautions Dean that the filing of her third amended complaint replaces the original and amended complaint and all pleadings she previously filed; so she must include each one of the claims she wishes to pursue in the third amended complaint. *See, e.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the prior complaints, supplements, and other filings that are not included in the third amended complaint will be deemed abandoned and will not be considered. *Id.*

The allegations in the complaint may not be conclusory. Instead, Plaintiff must plead *facts* that show how each defendant she names is personally involved in or directly responsible for the alleged harm. The Court admonishes Plaintiff that Federal Rule of Civil Procedure 11 requires that any claims or legal contentions she makes must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). And any factual contentions she makes must "have evidentiary support." *Id.* at 11(b)(3). "Even self-represented litigants are obligated to abide by these Rules." *See Moore v. Mo. State*, 4:20-cv-00377-SRC, 2020 WL

2556907, at *2 (E.D. Mo. May 20, 2020).   The Court is authorized to sanction parties who fail to comply with Rule 11, including by ordering the party to pay a penalty into the Court. *Id.* at 11(c)(4).

If plaintiff fails to file a third amended complaint on the Court's form, as well as a motion to proceed without prepayment of fees and costs, by **Wednesday, June 26, 2024**, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Brooke J. Marr, Justin E. Shire, Ryan Nicholas Brown, Ariel Alton, and Michelle-Maryann Dickerson are **DROPPED** from this action.   The Clerk of Court shall terminate them as parties on the Court's docket.

**IT IS FURTHER ORDERED** that Plaintiffs Ariel Alton and Brooke J. Marr's Applications to Proceed in the District Court without Prepaying Fees and Costs, Doc. [4], [9], & [10], are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' "Notice of Predicate Acts," filed on April 10, 2024, prior to the filing of the Second Amended Complaint, and docketed as a "Motion for Relief," Doc. [15], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Consolidate Cases, Doc. [7], and Amended Motion to Consolidate Cases, Doc. [17], are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Dean's Motion to Proceed Without Prepayment of Fees and Costs, Doc. [2], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall provide Plaintiff Dean with a Civil Complaint form and an Application to Proceed in District Court without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that, no later than **Wednesday, June 26, 2024**, Plaintiff Dean shall file a third amended complaint on the Court-provided form and file a new application to proceed without prepayment of fees and costs. If Plaintiff Dean fails to comply with this Memorandum and Order, the Court will dismiss this action without further notice.

Dated this 5th day of June 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE